O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| **CHUY J. ALCALA**, | § |
| | § |
| *Petitioner*, | § |
| | § |
| v. | § Civil Action No. 5:07-cv-73 |
| | § Criminal No. 5:03-cr-1775 |
| | § |
| **UNITED STATES**, | § |
| | § |
| *Respondent*. | § |
| | § |

## **OPINION & ORDER**

Pending before the Court are Petitioner Chuy Alcala's two identical Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, [Civ. Dkt. Nos. 1, 3]. Since Petitioner's Motions are identical, the Court herein treats them as one. Upon due consideration of the governing law, and Petitioner's arguments, the Court DISMISSES both Motions.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

On January 22, 2004, Petitioner pled guilty to possession with the intent to distribute in excess of 50 grams of methamphetamine. [Dkt. No. 7]. On January 24, 2005, Petitioner was sentenced to 235 months imprisonment. [Dkt. No. 21]. On March 14, 2006, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence, [Cr. Dkt. No. 38], and the Supreme Court thereafter denied Petitioner certiorari on June 15, 2006, [Dkt. No. 39].

On June 14, 2007, Petitioner filed the § 2255 Motion now before the Court. In a seeming attempt to lend an aura of seriousness and complexity to his Motion, Petitioner enumerates many alleged bases for relief, each of which, in reality, is subsumed into one of only two cognizable

claims: that Petitioner suffered ineffective assistance of counsel, in violation of his Sixth Amendment rights because: (1) appellate counsel failed to mount a *Booker* challenge to Petitioner's sentence on direct appeal, [Civ. Dkt. No. 3 at 10]; and (2) trial counsel "failed to request from the [sentencing] court [express] findings on the denial of [Petitioner's] Motion for Downward Departure," [Dkt. No. 1 at 12].

## II.   DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*: a habeas petitioner claiming ineffective assistance must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Id.* at 687. Since a reviewing court may address these prongs in either order, *id.* at 697, to the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will focus primarily on whether Petitioner, based on the record and allegations as they currently stand, is precluded from demonstrating prejudice.

### A.  Appellate Counsel's Failure to Advance a *Booker* Argument

Petitioner first argues that he suffered ineffective assistance by way of appellate counsel's failure to attack his sentence as erroneous pursuant to the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005).

In *Booker*, the Court stripped the Federal Sentencing Guidelines of their mandatory status, rendering them advisory instead. *Id.* at 264. Since he was sentenced after the Supreme Court handed down its opinion in *Booker*, Petitioner is correct in asserting that he was entitled to be sentenced under the advisory regime. As such, Petitioner seems to assume that the sentencing court erroneously treated the Guidelines as mandatory. He proceeds to argue that, had appellate counsel noted this error before the Fifth Circuit, "there is a reasonable probability that Petitioner would have been [subject] to a substantially lower" sentence upon remand. [Dkt. No. 43 at 18]. In other words, Petitioner argues appellate counsel should have argued so-called "Fanfan error" on appeal.[1] *United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).

There is no evidence in the record suggesting the sentencing court was not cognizant of *Booker*.[2] Indeed, case law, and common sense, seems to call for a presumption to the contrary. *United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006) ("[The appellant was] sentenced after the Supreme Court decided *Booker* and therefore sentenced under a discretionary regime."). Thus, post-*Booker*, absent evidence that the sentencing court erroneously considered itself bound by the Guidelines, an appellate court will not disturb the respective sentence unless it is "unreasonable." *Id.* at 553-55. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *Id.* at 554. Petitioner does not claim that the sentencing Court *miscalculated* his sentence under the

---

[1] "Booker error," by contrast, occurs when a sentencing court imposes a sentence beyond the statutory maximum based on facts neither alleged in the indictment nor admitted by the defendant. *Mares*, 402 F.3d at 518 (citing *Booker*, 543 U.S. at 244). Petitioner does not dispute the factual findings upon which his sentence is premised.

[2] To be sure, Petitioner was sentenced to the Guideline minimum. However, "the fact that the sentencing judge imposed the minimum sentence under the Guideline range . . . alone is no indication" either that the judge believed the Guidelines to be mandatory, or that he "would have reached a different conclusion under an advisory scheme." *United States v. Bringier*, 405 F.3d 310, 318 n.4 (5th Cir. 2005).

advisory Guidelines. Because his Guideline sentence would have been presumed reasonable by the Fifth Circuit, appellate counsel did not act unreasonably in failing to mount a Fanfan attack on direct appeal.

### B. Counsel's Failure to Demand Express Jurisdictional Findings

At sentencing, counsel moved for a downward Guideline departure pursuant to two discretionary departure provisions: U.S.S.G. § 5K2.12, which provides for departure if the sentencing court finds the defendant committed the respective offense under coercion or duress, and § 4A1.3(b)(1), which calls for departure where a defendant's criminal history "over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes" in the future.

On appeal, Petitioner argued that the sentencing court erroneously failed to rule on his departure motion. [Dkt. No. 38 at 2]. In response, the Fifth Circuit first noted that although the sentencing court failed to *expressly* rule of the Motion, it implicitly denied it via its imposition of a sentence within the Guideline range. Second, the appellate court noted that it lacked the jurisdiction to review the sentencing court's implicit denial, since "the record [did] not indicate that the district court mistakenly believed it lacked authority to downwardly depart." [Dkt. No. 38 at 2 (citing *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999) ("We have jurisdiction to review a district court's decision not to depart downward from the [G]uideline range only if the district court based its decision upon an erroneous belief that it lacked the authority to depart."))].

From the above, Petitioner gleans the conclusion that he suffered ineffective assistance by way of counsel's failure to demand an express statement from the sentencing court as to whether it believed it lacked the "jurisdiction" to downwardly depart. [Dkt. No. 43 at 12-14]. Petitioner argues that "[t]he outcome on appeal, had counsel established the reason for the denial of [departure,] *could* have established that the Court was under the impression that it had no jurisdiction to address the

matter." [Dkt. No. 43 at 13]. In turn, if the sentencing court were to have reached such a conclusion, the court of appeals would have enjoyed jurisdiction to consider the propriety of the sentencing court's implicit denial of departure. Appellate review, in turn, *could* have yielded a finding of sentencing court error, and, thus, resentencing. Each successive assumption in this hypothetical chain of events renders Petitioner's alleged prejudice far too speculative to compel a finding of ineffective assistance. As the Court of Appeals noted, there is no basis to believe that the district court denied departure due to an erroneous belief that it lacked authority to grant it. Even if it did, there is no basis to believe that the Court of appeals would have taken issue with the sentencing court's ruling upon substantive review thereof. Accordingly, this claim has no merit.

### III.    CONCLUSION

Petitioner's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, [Dkt. Nos. 1, 3] are **DISMISSED**. Should Petitioner seek a certificate of appealability, such is **DENIED**.

IT IS SO ORDERED.

Done this 13th day of August, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**